```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

LINDON INGRAM,                    )
        Petitioner,               )
                                  )
        v.                        )
                                  )    C.A. No. 11-12170-NMG
                                  )
ERIC HOLDER, JR., et al.,         )
        Respondents.              )
                                  )
```

## MEMORANDUM AND ORDER

For the reasons stated below, this action is dismissed for lack of subject matter jurisdiction.

## DISCUSSION

Lindon Ingram, a native and citizen of Jamaica, filed a self-prepared Section 2241 habeas petition challenging his order of removal. Ingram filed this action while he was detailed at the Bristol County Jail and House of Correction. Ingram was subsequently transferred to Alabama. He filed a notice of change of address advising the Court that he was held at the Etowah County Detention Center. However, he is no longer at the Etowah County Detention Center.

Ingram has not kept the court updated with his new address. The fact that he has not kept the Court advised of his current address suggests that he may have lost interest in pursuing the claims asserted in the petition or that he has been removed.

However, even if petitioner provided the Court with his current address, the petition is subject to dismissal because this Court lacks jurisdiction to review a final order of removal.

In the Real Id Act of 2005, Congress amended the statutes providing for review of removal orders to severely circumscribe this Court's subject matter jurisdiction. <u>See</u> 8 U.S.C. § 1252(a), (b)(9) and (g). Specifically, Section 1252(b)(9) of Title 8 deprives this Court of jurisdiction to review "all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien." 8 U.S.C. § 1252(b)(9). Because there are no review of orders of removal, or any claim "arising" therefrom, this Court is without jurisdiction. Thus, the petition is subject to dismissal.

    Accordingly, it is hereby ORDERED that this action is dismissed for lack of subject matter jurisdiction.

SO ORDERED.

| <u>January 11, 2013</u> | <u>/s/ Nathaniel M. Gorton</u> |
|---|---|
| DATE | NATHANIEL M. GORTON |
| | UNITED STATES DISTRICT JUDGE |